# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1467

_____

Ketut Wira Prawira,                             *
                                                *
              Petitioner,                       *
                                                *  Petition for Review of an
      v.                                        *  Order of the Board of
                                                *  Immigration Appeals.
Alberto Gonzales, Attorney General              *
of the United States,                           *
                                                *
              Respondent.                       *

_____

Submitted: December 15, 2004
      Filed: April 22, 2005 (Corrected: 04/28/05)

_____

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and RILEY, Circuit
      Judges.

_____

LOKEN, Chief Judge.

Ketut Wira Prawira, an ethnic Chinese citizen of Indonesia, entered the United States in 1998 and overstayed his nonimmigrant visitor visa. When the Immigration and Naturalization Service commenced removal proceedings, Prawira conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). After a hearing, the Immigration Judge (IJ) denied his application. The Board of Immigration Appeals affirmed without opinion, making the IJ's decision the final agency action. See 8 C.F.R. §§ 1003.1(a)(7)(iii),

(e)(4).[1] Prawira petitions for review of the denial of political asylum, withholding of removal, and CAT relief. We deny the petition.

To be eligible for asylum, Prawira must prove either past persecution or a well-founded fear of future persecution on any of five protected grounds. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1); 8 C.F.R. § 208.13. To be entitled to withholding of removal, Prawira must prove it is more likely than not that he would be persecuted if removed to Indonesia, a more stringent burden of proof. See Yacoub v. INS, 999 F.2d 1296, 1298 (8th Cir. 1993); 8 U.S.C. § 1231(b)(3). To be eligible for CAT relief, Prawira must prove that it is more likely than not that he would be tortured if removed to Indonesia. 8 C.F.R. § 208.16(c)(2).

Prawira based all three claims on his alleged fear of persecution because he is Chinese, an ethnic minority that is widely disliked by ethnic Indonesians because of its wealth and economic power. At the hearing, Prawira testified that a group of ethnic Indonesians once stopped his car and banged on his window, demanding money. When Prawira refused to pay, the men broke the window, causing Prawira minor cuts from the broken glass. He further testified that an ethnic Indonesian co-worker occasionally harassed and threatened him, his brother's house was burned down after anti-Chinese riots, and his sister was attacked.

The IJ found Prawira's testimony not credible, primarily because he admitted that he lied when he claimed on his initial asylum application that his cousin had been raped during ethnic riots, and because the application failed to mention either of the two alleged incidents of persecution that he emphasized at the hearing. The IJ also noted evidence that Prawira's main reason for entering the United States was economic in nature, he was well-educated in Indonesia and was able to obtain

---

[1]Prawira's challenge to the affirm-without-opinion procedure is contrary to the settled law of this circuit. Hasalla v. Ashcroft, 367 F.3d 799, 803-04 (8th Cir. 2004).

government documents such as passports and driver's licences, and he conceded he would be able to get a good job should he return to Indonesia. The IJ concluded that Prawira had "exaggerated his fears of returning to Indonesia, and what happened to him in the past."

After a careful review of the record, we conclude that these are sufficiently cogent and specific reasons to support an adverse credibility finding. "While minor inconsistencies and omissions will not support an adverse credibility determination, inconsistencies or omissions that relate to the basis of persecution are not minor but are at the heart of the asylum claim." Kondakova v. Ashcroft, 383 F.3d 792, 796 (8th Cir. 2004), cert. denied, 125 S. Ct. 894 (2005). The properly supported finding that the core of Prawira's persecution testimony was not credible provides substantial evidence supporting the IJ's ultimate determination that Prawira is not eligible for asylum or withholding of removal. See Kondakova, 383 F.3d at 796-98. Because Prawira's CAT claim was based upon the same evidence as his asylum and withholding of removal claims, the IJ's adverse credibility finding is fatal to the CAT claim as well. Aden v. Ashcroft, 396 F.3d 966, 969 (8th Cir. 2005).

Prawira argues that the IJ erred by admitting the asylum officer's written notes and a status report on a pending overseas investigation into the authenticity of Prawira's documents. As to the former, the IJ properly considered the factual information given the asylum officer and ignored the officer's credibility findings. See Prokopenko v. Ashcroft, 372 F.3d 941, 944-45 (8th Cir. 2004). As to the status report, the IJ gave it little or no probative weight "because it does not deal with [Prawira's] case or documents specifically." The traditional rules of evidence do not apply in immigration proceedings. Nyama v. Ashcroft, 357 F.3d 812, 816 (8th Cir. 2004). Here, the IJ's evidentiary rulings were neither unfair nor prejudicial.

For the foregoing reasons, we deny the petition for review.

_____