# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2465

_____

| | | |
|---|---|---|
| Miguel Zacarias Lorenzo-Gonzales, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review |
| v. | * | of an Order of the |
| | * | Board of Immigration Appeals. |
| Alberto Gonzales, United States | * | |
| Attorney General; Michael Chertoff, | * | |
| Secretary of Department of Homeland | * | [PUBLISHED] |
| Security, | * | |
| | * | |
| Respondents.[1] | * | |

_____

Submitted: August 3, 2005
Filed: August 18, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Miguel Zacarias Lorenzo-Gonzales (Lorenzo) petitions for review of an order of the Board of Immigration Appeals, which affirmed without

_____

[1]Alberto Gonzales, who has been appointed to serve as Attorney General of the United States, and Michael Chertoff, who has been appointed to serve as Secretary of the Department of Homeland Security, are substituted as respondents pursuant to Federal Rule of Appellate Procedure 43(c).

opinion an Immigration Judge's (IJ's) denial of asylum, withholding of removal, relief under the Convention Against Torture (CAT), and voluntary departure.[2]

After careful review of the record, we conclude that the IJ's decision after a July 2000 hearing is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 919 (8th Cir. 2004) (standard of review). The IJ found Lorenzo failed to show past persecution based on his service in the Civil Patrol--a voluntary, unarmed force set up by the Guatemalan military to watch and report on guerilla activity--and a September 1994 incident when several unidentified armed men threatened Lorenzo's wife and told her, "[I]f you find your husband, hand him over to us." See id. at 917-19 (rejecting Guatemalan citizen's asylum claim where, inter alia, there was "lack of clear evidence" as to identity of her attackers or motives for attacks); Fisher v. INS, 291 F.3d 491, 497-98 (8th Cir. 2002) (one episode of threats and physical roughness was insufficient to show past persecution); Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats alone do not constitute past persecution, unless they are so menacing as to cause significant actual suffering or harm; where petitioner was not closely confronted or otherwise harmed, he did not suffer past persecution from threats).

The IJ also found Lorenzo failed to show a well-founded fear of future persecution because 1997-1999 State Department reports indicated that, since Lorenzo's 1994 departure from Guatemala, the guerrillas had signed peace accords with the Guatemalan government and had disbanded and renounced violence. See Gebrehiwot v. Ashcroft, 374 F.3d 723, 726 (8th Cir. 2004) (IJ may reasonably rely on State Department's assessment of current country conditions as they relate to likelihood of future persecution); Melecio-Saquil v. Ashcroft, 337 F.3d 983, 986-87

---

[2]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003).

(8th Cir. 2003) (dramatic changes in Guatemala after 1996 peace accords prevented dated events from translating into objectively reasonable fear of persecution); Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002) (objective reasonableness of petitioner's fear of future persecution is undermined by changed country conditions).

In addition, because Lorenzo failed to meet the burden of proof on his asylum claim, his application for withholding of removal necessarily fails as well, see Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005) (withholding-of-removal standard is more rigorous than asylum standard); we see no basis in the record for CAT relief, see Habtemicael v. Ashcroft, 370 F.3d 774, 780-82 (8th Cir. 2004) (discussing considerations relevant to relief under CAT); and we lack jurisdiction to review the denial of voluntary departure, see 8 U.S.C. § 1229c(f) (no court shall have jurisdiction over appeal from denial of voluntary departure).

Accordingly, we deny the petition.

_____