# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4173

_____

| | | |
|---|---|---|
| Eduardo Antonio Rivera-Campos, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board of |
| | * | Immigration Appeals. |
| Alberto Gonzales,[1] United States | * | |
| Attorney General, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: January 20, 2006
Filed:  January 25, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Eduardo Antonio Rivera-Campos, a citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of his applications for asylum and withholding of removal.  In May 2001 Rivera-Campos entered the United States without inspection.  In a January 2002 application, he sought asylum based on his past involvement in the Nationalist

_____

[1]Alberto Gonzales has been appointed to serve as United States Attorney General, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Republican Alliance (ARENA), a political party. Rivera-Campos thereafter testified that he had received three threatening notes from members of the Farabudo Marti National Liberation Front (FMLN), and that he had received an oral threat from two FMLN members.

This court will uphold the denial of asylum and withholding of removal if the denial is supported by substantial, reasonable, and probative evidence on the record as a whole; the standard of review is deferential and requires upholding the denial unless an alien demonstrates that his evidence was so compelling that no reasonable fact finder could adopt the BIA's position. See Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005). Where, as here, the BIA affirms without an opinion, the IJ's conclusions are treated as those of the BIA. See Kimumwe v. Gonzales, 431 F.3d 319, 321-22 (8th Cir. 2005).

We find that the record taken as a whole supports the IJ's determination that Rivera-Campos failed to establish past persecution. First, all but one of the threats were vague and non-specific, and the threatening notes did not mention ARENA or FMLN. Second, the notes were unsigned, and Rivera-Campos did not himself see who left them. Third, none of the threats were carried out. Fourth, there was nothing in the State Department reports indicating that ARENA members are targeted by FMLN members or that the police support the FMLN. See Lorenzo-Gonzales v. Gonzales, 419 F.3d 754, 755-56 (8th Cir. 2005) (per curiam) (unfulfilled threats alone do not constitute past persecution, unless they are so menacing as to cause significant actual suffering or harm; asylum claim properly rejected in part because there was no clear evidence as to identity of attackers or motives for attacks).

We also find that Rivera-Campos failed to offer credible, specific evidence that a reasonable person in his position would fear persecution if returned to El Salvador. See Kondakova v. Ashcroft, 383 F.3d 792, 798 (8th Cir. 2004), cert. denied, 125 S. Ct. 894 (2005). The State Department reports did not support the existence of a

reasonable basis for his fear of death or kidnaping at the hands of the FMLN. <u>See</u> <u>Lorenzo-Gonzales</u>, 419 F.3d at 756 (IJ may reasonably rely on State Department reports on current country conditions as they relate to likelihood of future persecutions). Further, numerous family members--also ARENA supporters, according to Rivera-Campos--remained in El Salvador without being harmed; and Rivera-Campos did not explain why he waited until May 2001 to leave El Salvador after receiving the third threatening note in January 2000. <u>See</u> <u>Alyas v. Gonzales</u>, 419 F.3d 756, 761 & n.2 (8th Cir. 2005) (asylum applicant failed to establish well-founded fear of persecution because he had continued to live unharmed in native country for 4 years following alleged incidents of persecution, and his family members remained in native country unharmed).

Finally, because Rivera-Campos's asylum claim fails, his claim for withholding of removal necessarily fails as well. <u>See</u> <u>Eta-Ndu</u>, 411 F.3d at 986 (standard of proof for withholding of removal is more stringent than standard for asylum).

Accordingly, we deny Rivera-Campos's petition for review.

_____