# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2172

———————

Sara Kassa Kebede; Michael Tesfaye    \*
Yigezu,    \*
   \*
        Petitioners,    \*
   \*   Petition for Review of an
      v.    \*   Order of the Board of
   \*   Immigration Appeals.
Alberto Gonzales, Attorney General    \*
of the United States of America,    \*     [PUBLISHED]
   \*
       Respondent.    \*

———————

Submitted: December 11, 2006
Filed: April 2, 2007

———————

Before LOKEN, Chief Judge, MURPHY and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Sara Kassa Kebede entered the United States on an Ethiopian passport in July 2001 and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) on behalf of herself and her son, Michael Tesfaye Yigezu. After an evidentiary hearing, the Immigration Judge (IJ) denied all relief, finding that Kebede's testimony as to past persecution by the Ethiopian government was not credible and, even if credible, did not establish either past persecution or a well-founded fear of future persecution if she and her son are removed to Ethiopia. The Board of Immigration Appeals (BIA) assumed without deciding that Kebede's

testimony was credible and affirmed the IJ's decision on the merits. Petitioners seek judicial review of the BIA's final agency action. We deny the petition for review.

Petitioners first argue the BIA committed reversible error when it failed to review the IJ's adverse credibility finding. We review the BIA's final agency action, not alternative rulings of the IJ that were not reviewed by the BIA nor necessary to its decision. See Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006). Occasionally, the BIA's failure to address a disputed credibility issue will leave us unable to discern the BIA's analysis, as in El-Sheikh v. Ashcroft, 388 F.3d 643, 648 (8th Cir. 2004). Then, of course, we must remand. See INS v. Ventura, 537 U.S. 12, 16-17 (2002). But here, the BIA assumed petitioners' testimony was credible in finding insufficient proof of past persecution or a well-founded fear of future persecution. Therefore, we review only the BIA's persecution analysis.

Petitioners next argue that Kebede presented sufficient credible, corroborated, detailed evidence of past persecution and a well-founded fear of future persecution. We review the BIA's contrary findings under the substantial evidence standard, upholding the agency's decision unless the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

Kebede testified that, beginning in 1997, she supported an opposition political party, the All-Amhara People's Organization (AAPO), now named the All-Ethiopia Unity Party (AEUP). In February 1999, while attending a peaceful AAPO rally in support of its imprisoned leader, Professor Asrat Woldeyes, Kebede was arrested by police and detained for three days. Though not beaten or physically harmed, the authorities denied her food, forced her to sleep on a dirty cement floor, and warned that she would be detained again if she continued to participate in AAPO meetings. For the next two years, she was harassed at work by her boss about her AAPO involvement and questioned periodically at her home by the police.

In January 2001, Kebede received an Ethiopian diplomatic passport to visit her husband, who was serving as First Secretary of the Ethiopian embassy in Sudan. She returned to Ethiopia in March. In June, the ministry of foreign affairs issued her a visa to visit her mother in the United States. In a September phone conversation, her husband said he had been recalled to Ethiopia for supporting the opposition wing of the ruling party. Kebede believes he is currently in hiding in the Ethiopian countryside. Kebede has two brothers who remain in Ethiopia; one lives in her house and reports that police have asked him the whereabouts of Kebede and her husband. Kebede's mother returned to Ethiopia for two months without incident in 2003.

The BIA found that this testimony, supported generally by the testimony of other family members and communications from family members and AEUP officers in Ethiopia, failed to establish either past persecution or a well-founded fear of future persecution. After careful review of the administrative record as a whole, we conclude that substantial evidence supports this decision. "It is a well-established principle that minor beatings and brief detentions, even detentions lasting two or three days, do not amount to [past] political persecution, even if government officials are motivated by political animus." Eusebio v. Ashcroft, 361 F.3d 1088, 1091 (8th Circuit 2004); see Shoaira v. Ashcroft, 377 F.3d 837, 844 (8th Cir. 2004). Nor did Kebede demonstrate a well-founded fear of future persecution. She remained in Ethiopia for two years following her arrest and detention, obtained a diplomatic passport to visit her husband in Sudan, and then was granted a visa to travel to the United States. Other family members have lived in Ethiopia for many years, and Kebede's mother recently visited family members and the family home without incident. See Al Tawm v. Ashcroft, 363 F.3d 740, 743-44 (8th Cir. 2004). On this record, the denial of asylum must be affirmed.

Finally, petitioners argue that the BIA erred when it failed to analyze separately their claims for withholding of removal and relief under the CAT. We disagree. Because the persecution standard for withholding of removal is more rigorous, a

-3-

petitioner who fails to prove eligibility for asylum cannot meet the standard for withholding of removal. Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005). Though relief under the CAT turns on the likelihood of future torture, rather than a well-founded fear of future persecution, "separate analysis is required only when there is evidence that the alien might be tortured for reasons unrelated to her claims for asylum and withholding of removal . . . ." Alemu v. Gonzales, 403 F.3d 572, 576 (8th Cir. 2005). There was no such evidence here.

For these reasons, we deny the petition for review.

_____