# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2751

_____

| | |
|---|---|
| Caroline Njeri Chege, | * |
| | * |
| Petitioner, | * |
| | *  Petition for Review |
| v. | *  of an Order of the |
| | *  Board of Immigration Appeals. |
| Eric H. Holder,[1] Attorney General, | * |
| | *  [UNPUBLISHED] |
| Respondent. | * |

_____

Submitted: February 5, 2009
Filed:  February 9, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kenyan citizen Caroline Chege petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of her application for asylum.[2]  We deny the petition.  See Sow v. Mukasey, 546 F.3d 953, 956 (8th Cir. 2008) (standard of review).

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is substituted for Michael B. Mukasey as Respondent.

[2]Chege also pursued withholding of removal and relief under the Convention Against Torture, but she does not address these claims in her brief; thus, they are waived.  See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

When an asylum decision is based on an adverse credibility finding, as it was in this case, we generally defer to the agency if the credibility finding is supported by "specific, cogent reason[s] for disbelief." See id. Upon careful review, we conclude that the BIA and the IJ provided such reasons. See Ezeagwu v. Mukasey, 537 F.3d 836, 838-40 (8th Cir. 2008) (discrepancies between petitioner's written affidavit and oral testimony, and petitioner's failure to mention in affidavit the alleged detentions to which he testified, provided legitimate basis on which to base adverse credibility finding); Prawira v. Gonzales, 405 F.3d 661, 662 (8th Cir. 2005) (adverse credibility finding was supported by cogent and specific reasons where, inter alia, petitioner's application failed to mention alleged incidents of persecution that alien emphasized at hearing); cf. Krouchevski v. Ashcroft, 344 F.3d 670, 673 (7th Cir. 2003) (if petitioner's explanations and IJ's adverse inferences from discrepancies both appear valid, reviewing court should not supersede IJ's credibility finding).[3]

Accordingly, we deny the petition.

_____

---

[3]The IJ's alternative denial of asylum on the merits is not before the panel. See Kebede v. Gonzales, 481 F.3d 562, 564 (8th Cir. 2007) (per curiam) (appeals court reviews BIA's final agency action, not alternative rulings of IJ that were not reviewed by BIA and are not necessary to its decision).