# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3024

_____

Sahra Ahmed Hussein,

          Petitioner,

v.

Eric H. Holder, Jr.,[1] Attorney General,

          Respondent.

\*   Petition for Review of an
\*   Order of the Board
\*   of Immigration Appeals.

\*   [UNPUBLISHED]

_____

Submitted: April 24, 2009
Filed: May 4, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Somalian citizen Sahra Hussein petitions for review of an order of the Board of Immigration Appeals (BIA), affirming an immigration judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

_____

[1]Eric H. Holder, Jr. has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

When an asylum decision is based on an adverse credibility finding, as it was in this case, we generally defer to the agency if the credibility finding is supported by specific, cogent reasons for disbelief.  See Sow v. Mukasey, 546 F.3d 953, 956 (8th Cir. 2008).  Upon careful review, we conclude that the BIA and the IJ provided such reasons.[2]  See Prawira v. Gonzales, 405 F.3d 661, 663 (8th Cir. 2005) (IJ's adverse credibility finding was supported by record where alien admitted lying in previous asylum application); S-Cheng v. Ashcroft, 380 F.3d 320, 323 (8th Cir. 2004) (adverse credibility finding not erroneous where alien lied in entry application and first asylum request); cf. Krouchevski v. Ashcroft, 344 F.3d 670, 673 (7th Cir. 2003) (if petitioner's explanations and IJ's adverse inferences from discrepancies both appear valid, reviewing court should not supersede IJ's credibility finding).  The adverse credibility finding is also dispositive of Hussein's withholding-of-removal and CAT claims.  See Zine v. Mukasey, 517 F.3d 535, 541 (8th Cir. 2008) (when asylum, withholding-of-removal, and CAT claims are based on same discredited testimony, adverse credibility finding is fatal to all three claims).

Accordingly, we deny the petition for review.

_____

_____

[2]Hussein filed her asylum application after May 11, 2005, and thus the REAL ID Act applies, see Al Milaji v. Mukasey, 551 F.3d 768, 772 n.2 (8th Cir. 2008); and under the Act, an IJ may make credibility findings without regard to whether the inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, see 8 U.S.C. § 1158(b)(1)(B)(iii).