# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 09-1967

———————

Mynor Aroldo Quiñonez-Perez,        *
                                                         *
       Petitioner,            *   Petition for Review of
                                                         *   an Order of the Board
     v.                     *   of Immigration Appeals.
                                                         *
Eric H. Holder, Jr., Attorney General,   *
                                                         *
       Respondent.           *

———————

Submitted: March 9, 2010
Filed: February 22, 2011

———————

Before RILEY,[*] Chief Judge, JOHN R. GIBSON[**] and MURPHY, Circuit Judges

———————

MURPHY, Circuit Judge.

Mynor Aroldo Quiñonez-Perez, a native and citizen of Guatemala, petitions this court for review of an order of the Board of Immigration Appeals (BIA) that affirmed an Immigration Judge's (IJ) denial of asylum, withholding of removal, and

———————

[*] The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

[**] The Honorable John R. Gibson retired from service on this court on January 26, 2011. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

relief under the Convention Against Torture (CAT). After carefully reviewing the record, we deny Quiñonez-Perez's petition.

More than twenty years ago, Quiñonez-Perez worked in a sugar refinery in San Antonio Suchitepequez, Guatemala. His membership in a labor union led to intimidation and threats of violence against him and his family. His brother, also a union member, was kidnapped and beaten for his union involvement. One of Quiñonez-Perez's friends was murdered by officials opposed to the union. Prompted by the threats and the violence inflicted on his brother and friend, Quiñonez-Perez moved to Guatemala City in 1989.

After living in Guatemala City for less than a year, Quiñonez-Perez moved to the United States. He entered without inspection on December 5, 1990 and filed an initial application for asylum in January 1992. Quiñonez-Perez was interviewed by an asylum officer in 2005 and his application for asylum was referred to an IJ. Quiñonez-Perez filed an updated asylum application, requesting withholding of removal, CAT relief, and cancellation of removal.

Quiñonez-Perez testified before the IJ in June 2007. The IJ found Quiñonez-Perez's testimony to be credible but concluded that the alleged facts did not satisfy the requirements for relief. Quiñonez-Perez appealed to the BIA, which affirmed the immigration judge's decision and adopted its reasoning, ordering Quiñonez-Perez to depart voluntarily from the United States within 60 days. Quiñonez-Perez timely petitioned this court for review and moved to stay removal pending the disposition of his petition. This court granted Quiñonez-Perez's motion for a stay on May 7, 2009.

When "the BIA adopts and affirms the IJ's decision, but also adds reasoning of its own, we review both decisions together." Chen v. Mukasey, 510 F.3d 797, 800 (8th Cir. 2007). We review the decisions to determine if they are supported by

substantial evidence and reverse "only if the petitioner demonstrates that the evidence is so compelling that no reasonable factfinder could fail to find in favor of the petitioner." Bernal-Rendon v. Gonzales, 419 F.3d 877, 880 (8th Cir. 2005).

To be granted asylum an applicant must show that he or she is "unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Persecution is an "extreme concept" which includes "the infliction or threat of death, torture, or injury to one's person or freedom." Shoaira v. Ashcroft, 377 F.3d 837, 844 (8th Cir. 2004). Isolated violent acts and attacks on family members are not sufficient to establish persecution, "absent a pattern of persecution tied to the applicant." Surya v. Gonzales, 454 F.3d 874, 878 (8th Cir. 2006).

If an applicant establishes past persecution, "the burden shifts to the [the government] to rebut the presumption of a well-founded fear of future persecution." Bushira v. Gonzales, 442 F.3d 626, 631 (8th Cir. 2006); see 8 C.F.R. § 208.13(b)(1)(ii). The government may rebut that presumption by showing, by a preponderance of the evidence, that the "applicant could avoid future persecution by relocating to another part of the applicant's country" and that such relocation would be reasonable. 8 C.F.R. § 208.13(b)(1)(i)(B).

In support of the conclusion that Quiñonez-Perez had not met the requirements of an asylum claim, the IJ found that the petitioner had not "suffered any harm or threats in Guatemala City," that his brother had lived there for many years without incident, and that seventeen years had passed since he had left Guatemala. The IJ found that "[i]t is extremely unlikely . . . that anyone would still have any interest in wanting to harm [Quiñonez-Perez] at this time, based on events of what will soon be going on two decades ago."

Quiñonez-Perez challenges the IJ's findings. During his hearing before the IJ, Quiñonez-Perez was asked twice whether he "received any threats" while living in Guatemala City. He responded, "[j]ust ill treatment," and then, "[j]ust humiliations. They just humiliated with words. That's all." Quiñonez-Perez also testified that his brother has lived and worked in Guatemala City since 1992 and that he was unaware of any instances in which his brother had been persecuted during that time.

We do not find that the "evidence is so compelling that no reasonable factfinder could fail to find in favor of the petitioner." Bernal-Rendon, 419 F.3d at 880. Whether or not the initial threats that Quiñonez-Perez received in San Antonio Suchitepequez amounted to persecution, substantial evidence supported the IJ's conclusion that Quiñonez-Perez did not suffer persecution in Guatemala City and could avoid any potential future persecution by relocating there. This evidence also supported the IJ's conclusion that there was no objective basis supporting Quiñonez-Perez's fear of future persecution upon returning to Guatemala. See Pavlovich v. Gonzales, 476 F.3d 613, 618 (8th Cir. 2007) ("A well-founded fear must be both subjectively genuine and objectively reasonable.").

Quiñonez-Perez also challenges the rulings of the IJ and the BIA denying withholding and relief under the CAT. An alien is eligible for withholding of removal upon showing a clear probability that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); see Bernal-Rendon, 419 F.3d at 881. This standard "is more onerous than the well-founded fear standard for asylum." Malonga v. Mukasey, 546 F.3d 546, 551 (8th Cir. 2008). To prevail, an applicant "may show past persecution on the basis of one of the five protected grounds listed above, thus creating a rebuttable presumption that removal would threaten his life or freedom" or may establish "that it is more likely than not that the applicant would be persecuted upon removal on account of one of the protected grounds." Malonga, 546 F.3d at 551–52; see 8 C.F.R. §

-4-

208.16(b)(1)–(2).  Similarly, for relief under the CAT, an applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 208.16(c)(2).

The IJ's determination that it is "extremely unlikely" that Quiñonez-Perez would suffer persecution upon his return to Guatemala is supported by substantial evidence and forecloses Quiñonez-Perez's claims for withholding of removal and CAT relief.

Quiñonez-Perez's petition for review is denied.

_____