# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 15-2824

———————————————————

Luis Francisco Cifuentes-Escalante

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: March 30, 2016
Filed: April 4, 2016
[Unpublished]

——————————

Before LOKEN, BYE, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Guatemalan citizen Luis Francisco Cifuentes-Escalante petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ's) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

We initially note that, under the circumstances of this case, the denial of asylum is not subject to review. See Bin Jing Chen v. Holder, 776 F.3d 597, 601 (8th Cir. 2015) (appellate court lacks jurisdiction to review determination that asylum application is untimely unless petition seeks review of constitutional claims or conclusions of law); see also Rodriguez-Mercado v. Lynch, 809 F.3d 415, 420 (8th Cir. 2015) (when issue is abandoned before BIA, it is not preserved for appellate court review). As to the denial of Cifuentes-Escalante's other claims, we review both the BIA's and IJ's decisions together, as the BIA adopted and affirmed the IJ's decision, but added its own reasoning. See Quinonez-Perez v. Holder, 635 F.3d 342, 344 (8th Cir. 2011) (decisions are reviewed to determine if substantial evidence supports them, and are reversed only when petitioner shows evidence is so compelling that no reasonable factfinder could fail to find in his favor). We conclude that Cifuentes-Escalante was properly denied withholding of removal, as he did not show a clear probability that his life or freedom would be threatened in Guatemala because of his membership in a particular social group that he identified. See id. at 345 (to prevail, alien had to show past persecution based on protected ground, creating rebuttable presumption that removal would threaten his life or freedom, or that it is more likely than not he would be persecuted upon removal on account of that protected ground). Finally, we conclude that because Cifuentes-Escalante's proposed basis for CAT relief did not materially differ from that which he identified as the basis for his other claims, an independent analysis of his CAT claim is not required. See Che v. Mukasey, 532 F.3d 778, 783 (8th Cir. 2008) (where applicant presents no evidence he would face torture for reasons unrelated to his applications for asylum and withholding of removal, independent analysis of his CAT claim need not be conducted). The petition for review is denied.

_____