# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2082

_____

ELM; Lidia Larios-Miranda; Selina Larios-Miranda

*Petitioner*s

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted:  April 21, 2016
Filed: May 5, 2016
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizens and siblings ELM, and Lidia and Selina Larios-Miranda petition for review of an order of the Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ's) denial of their applications for asylum and relief under

the Convention Against Torture (CAT).[1] Where, as here, the BIA adopts and affirms the IJ's decision but adds its own reasoning, this court reviews both the BIA's and IJ's decisions together. See Quinonez-Perez v. Holder, 635 F.3d 342, 344 (8th Cir. 2011) (decisions are reviewed to determine if substantial evidence supports them, and are reversed only when petitioner shows evidence is so compelling that no reasonable factfinder could fail to find in his favor). We disagree with petitioners that the record compels the conclusion that they have a well-founded fear of future persecution on account of a protected ground.[2] See Garcia-Colindres v. Holder, 700 F.3d 1153, 1158 (8th Cir. 2012) (petitioners must demonstrate that fear is subjectively genuine and objectively reasonable); see also Aguinada-Lopez v. Lynch, 814 F.3d 924, 926 (8th Cir. 2016) (for particular social group to be cognizable, it must share common, immutable characteristic, be defined with particularity, and be socially distinct such that it is identified as group by society of which it is part). We also find no support in the record for their CAT claim. See Juarez Chilel v. Holder, 779 F.3d 850, 856 (8th Cir. 2015) (discussing requirements for relief under CAT). The petition for review is denied.

---

[1]Petitioners have waived the denial of withholding of removal. See Wanyama v. Holder, 698 F.3d 1032, 1035 n.1 (8th Cir. 2012) (waiver of claim).

[2]Petitioners concede that they did not establish past persecution.