# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-2825

———————————————

Sulmy Amarilis Garcia-Milian; Steven Ulises Santiago-Garcia; Yostin Otoniel Davila-Garcia

*Petitioner*s

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: June 13, 2016
Filed: June 17, 2016

——————————

Before RILEY, Chief Judge, MURPHY and SHEPHERD, Circuit Judges.

——————————

MURPHY, Circuit Judge.

Petitioners Sulmy A. Garcia Milian and her minor sons, all natives and citizens of Guatemala, applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied the requested relief, and the Board of Immigration Appeals (BIA) dismissed petitioners' appeal. They now seek review of the BIA decision. We deny the petition.

After petitioners had entered the United States without inspection, the Department of Homeland Security sought their removal. They conceded removability and sought relief in the form of asylum, withholding of removal, and CAT protection. At a hearing before the IJ, Milian testified that while petitioners were living in Nueva Concepción, Guatemala in 2012, several local gangs began harassing her uncle and demanding money. She testified that the gangs had gone after her uncle "because he had a car and he was building something." When her uncle refused to give money to the gangs, they beat him. Her uncle reported these actions to the police and to "the Human Rights office in Guatemala," but she testified that he received no assistance from them.

Milian was at her uncle's home in May 2014 when several gang members arrived and again demanded money from him. Her aunt and cousins were also present. Milian testified that the gang members shot her uncle in the head and threatened that if the family did not "give money to them," they would "shoot each one of us one by one." Milian further testified that she did not file a police report and did not know the name of the gang or the identity of its members and that her uncle was killed for money, not on account of his race, religion, nationality, ethnicity, or political opinion. Shortly thereafter, Milian left Guatemala for the United States because she feared for her children's safety.

The IJ found Milian credible but concluded that petitioners did not satisfy the requirements for relief and ordered removal of the petitioners to Guatemala. The BIA dismissed petitioners' appeal, and Milian now seeks review of the denial of her application for asylum, withholding of removal, and CAT protection. Since the BIA adopted and affirmed the IJ's decision, but also added reasoning of its own, "we review both decisions together." Quiñonez-Perez v. Holder, 635 F.3d 342, 344 (8th Cir. 2011) (internal quotation marks omitted). Our review of both decisions is "to determine if they are supported by substantial evidence and [we] reverse only if the

-2-

petitioner[s] demonstrate[] that the evidence is so compelling that no reasonable factfinder could fail to find in favor of" them. Id. (internal quotation marks omitted).

For petitioners to be eligible for asylum, they must show that they are "unable or unwilling to return to . . . [their] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Petitioners argue that they have been persecuted and have a well founded fear of future persecution on the basis of their family group. Petitioners are unable to establish past persecution, however, because they have not shown that the gang persecuted them on the basis of their membership in their family. Milian repeatedly testified that the sole reason the gang had targeted her uncle was to extort money from him, not because he belonged to her family. See Ming Ming Wijono v. Gonzales, 439 F.3d 868, 873 (8th Cir. 2006) (concluding that "simple criminal intent" is not a protected ground).

Nor have petitioners shown a well founded fear of future persecution on the basis of their family membership. Although the gang members told Milian, her aunt, and her cousins that the gang would "shoot each one of [them] one by one" if they did not give them money, it is unclear whether the gang members were attempting to threaten Milian's nuclear family, her uncle's family, or their entire extended family. Petitioners thus cannot show a well founded fear of "particularized persecution directed at [them] personally." See Francois v. I.N.S., 283 F.3d 926, 932 (8th Cir. 2002).

We conclude that the BIA's determination that petitioners are not eligible for asylum is supported by substantial evidence. Since petitioners are not eligible for asylum, they "necessarily cannot meet the more rigorous standard of proof for withholding of removal." Khrystotodorov v. Mukasey, 551 F.3d 775, 784 (8th Cir. 2008).

Petitioners also argue that the BIA's denial of CAT protection is not supported by substantial evidence. To qualify for such protection, petitioners "must demonstrate that it is more likely than not that [they] will be tortured if removed to Guatemala." Marroquin-Ochoma v. Holder, 574 F.3d 574, 579 (8th Cir. 2009). The torture must be "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." Id. § 1208.18(a)(7).

Petitioners claim that the IJ and BIA ignored substantial evidence in the record showing the inability of the Guatemalan government to control gang violence and "police complicity in gang activity." As we have previously stated, "[w]hile it may be that the Guatemalan government is less than successful at preventing the torture of its citizens by gang members, this conclusion alone does not mean that the government is willfully blind toward it." Juarez Chilel v. Holder, 779 F.3d 850, 856 (8th Cir. 2015) (internal quotation marks omitted). Moreover, Milian never informed Guatemalan law enforcement of any fears of gang violence after her uncle was murdered. Petitioners thus "failed to present a case of willful non-intervention by law enforcement sufficient to meet the requirements under the CAT." See id.

For these reasons we deny the petition for review.

_____