# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1673

_____

Pedro Eliseo Lopez-Ramirez

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 30, 2016
Filed: December 6, 2016
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Pedro Eliseo Lopez-Ramirez petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ's) denial of his application for asylum and withholding of removal. Where, as here, the BIA adopts and affirms the IJ's decision, but adds its own reasoning, this court reviews both the BIA's and IJ's decisions together. See Garcia-Milian v.

Lynch, 825 F.3d 943, 945 (8th Cir. 2016) (decisions are reviewed to determine if substantial evidence supports them, and are reversed only when petitioner shows evidence is so compelling that no reasonable factfinder could fail to find in his favor). To qualify for asylum, Mr. Lopez-Ramirez had to show past persecution or a well-founded fear of future persecution on account of, as relevant, membership in a particular social group.  See Garcia-Colindres v. Holder, 700 F.3d 1153, 1156 (8th Cir. 2012).  Further, he had to show that the particular social group he identified was composed of members who shared a common immutable characteristic, were defined with particularity, and were socially distinct within the society in question.  See Ngugi v. Lynch, 826 F.3d 1132, 1137-38 (8th Cir. 2016).  We conclude that the group he identified--Guatemalan males whose denial of gang involvement caused them to be beaten before coming to the United States--failed to meet those requirements.  See Juarez Chilel v. Holder, 779 F.3d 850, 855 (8th Cir. 2015) (groups of persons who suffered violence, or threats of violence, due to their refusals to join criminal gangs lacks requisite visibility, particularity, and/or social distinction to qualify as particular social group); Ortiz-Puentes v. Holder, 662 F.3d 481, 483 (8th Cir. 2011) (agreeing with IJ and BIA that criminal violence and recruitment efforts by Guatemalan gang did not implicate enumerated protected ground).  Because Mr. Lopez-Ramirez did not establish eligibility for asylum, his claim for withholding of removal necessarily failed as well.  See Ngugi, 826 F.3d at 1139 (withholding of removal requires higher burden of proof than asylum).  The petition for review is denied.

_____