# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1755

_____

Aura Marina Chavez-Chavez

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 3, 2017
Filed: April 21, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Aura Marina Chavez-Chavez is a Guatemalan citizen who petitions for review of the decision of the Board of Immigration Appeals denying her requests for asylum, withholding of removal, and relief under the Convention Against Torture. Chavez-Chavez concedes that she is removable from the United States as an alien present without valid entry documents, *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I), but she asserts that

she was persecuted in Guatemala because of her race (indigenous Mam) and membership in a particular social group (indigenous female of Mayan Mam) and that she would be similarly persecuted if she is returned there.

The immigration judge concluded that Chavez-Chavez did not demonstrate past persecution, and, even if she did, that there was no evidence connecting any persecution to Chavez-Chavez's race or membership in a particular social group. The IJ further concluded that Chavez-Chavez failed to show a reasonable fear of future persecution on account of a statutorily protected ground. The BIA affirmed the IJ's decision.

We review the BIA's holdings on an alien's eligibility for asylum, withholding of removal, and CAT relief for substantial evidence—an extremely deferential standard. We will not disturb findings of fact unless a reasonable adjudicator would be compelled to conclude otherwise, *Khrystotodorov v. Mukasey*, 551 F.3d 775, 781 (8th Cir. 2008), and the motivation of persecutors is a question of fact. *See In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007).

To be eligible for asylum, Chavez-Chavez must be a "refugee." 8 U.S.C. § 1158(b)(1)(A). A refugee is someone who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). To prevail in this case, Chavez-Chavez must show that her race or membership in a particular social group "was or will be at least one central reason for persecuting" her. 8 U.S.C. § 1158(b)(1)(B)(I). An alien petitioning for asylum must demonstrate past persecution or a well-founded fear of future persecution due to one of the protected grounds. *Garcia-Colindres v. Holder*, 700 F.3d 1153, 1156 (8th Cir. 2012). We presume that an applicant has a well-founded fear of persecution when the applicant establishes that she has been persecuted in the past. *Cinto-Velasquez v. Lynch*, 817 F.3d 602, 605 (8th Cir. 2016).

As evidence of past persecution, Chavez-Chavez testified that she borrowed $2500 on two occasions from a man named Freymin to get medical care for her and her infant daughter. Freymin and Chavez-Chavez agreed that she would repay the loans in a couple of years, but, despite this arrangement, Freymin confronted Chavez-Chavez a few months later and gave her trouble about the debt. When Chavez-Chavez requested more time for repayment, Freymin stabbed her in the stomach and threatened to kill her or her daughter.

Even if this single though very violent incident amounts to persecution within the meaning of the relevant statute, substantial evidence supports the BIA's conclusion that Chavez-Chavez failed to demonstrate that her race or membership in a particular social group was at least one central reason why Freymin attacked her. The evidence is clear that the stabbing was a product of a debt dispute, and Chavez-Chavez has failed to provide any nexus at all between the stabbing and a statutorily protected ground. There is no error here.

Substantial evidence also supports the conclusion that Chavez-Chavez has not demonstrated a well-founded fear of future persecution on account of a protected ground. Her fear must be subjectively genuine and objectively reasonable. *Garcia-Colindres*, 700 F.3d at 1158. On this record, we conclude that any fear of future persecution that Chavez-Chavez may have is not objectively reasonable: She remained in Guatemala for one and a half to two years after the attack and continued to live at the same home where she had been living; and Freymin knew where she lived, yet nothing happened during that time. Nor did any retaliation or harm befall her parents or siblings, which further suggests that Chavez-Chavez will not be persecuted on account of a protected ground, *see Bin Jing Chen v. Holder,* 776 F.3d 597, 601 (8th Cir. 2015), and she also testified that she does not know of anyone who has been persecuted on account of the protected grounds she advances. Substantial evidence thus supports not only the denial of Chavez-Chavez's request for asylum but also her request for withholding of removal, because the latter requires an even

stronger showing of the likelihood of future persecution on account of a protected ground than asylum. *See Garcia-Colindres*, 700 F.3d at 1158.

Finally, substantial evidence supports the BIA's denial of CAT relief because Chavez-Chavez has not shown that it is more likely than not that she would be tortured if returned to Guatemala, regardless of her race or membership in a particular social group. *Khrystotodorov*, 551 F.3d at 781–82. Chavez-Chavez has no evidence that she has been tortured in the past, that members of her family who still live in Guatemala have been tortured or threatened with torture, or that anyone she knows of has been tortured.

Petition denied.

_____