# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3176

_____

Nadiia Romentes

*Petitioner*

v.

Jefferson B. Sessions, III,[1] Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 2, 2017
Filed: June 7, 2017
[Unpublished]

_____

Before GRUENDER, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

_____

[1]Jefferson B. Sessions, III has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Ukrainian citizen Nadiia Romentes petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ's) order denying asylum, withholding of removal, and relief under the Convention Against Torture. Where, as here, the BIA adopts and affirms the IJ's decision, but adds its own reasoning, this court reviews the BIA's and IJ's decisions together. See Garcia-Milian v. Lynch, 825 F.3d 943, 945 (8th Cir. 2016). The IJ determined that Romentes had not established eligibility for asylum, withholding of removal, or CAT relief, because her testimony was not credible and she could not meet her burden of proof with other evidence. We find that the IJ's adverse credibility determination is supported by substantial evidence, and is entitled to deference, because it was supported by specific, cogent reasons for disbelief. See Litvinov v. Holder, 605 F.3d 548, 555 (8th Cir. 2010) (this court defers to IJ's credibility determination where it is supported by specific, cogent reasons for disbelief). Specifically, the IJ found that Ms. Romentes's demeanor at the merits hearing was casual and detached even though she was describing repeated incidents of physical abuse that she allegedly suffered at the hands of the person whom she feared in the Ukraine. See Chakhov v. Lynch, 837 F.3d 843, 846 (8th Cir. 2016) (IJ may base credibility determination on, among other things, demeanor, candor, or responsiveness of applicant or witness); Diaz-Perez v. Holder, 750 F.3d 961, 963-64 (8th Cir. 2014) (IJ has seen witness testify and thus is in best position to determine credibility). Further, the IJ outlined numerous inconsistencies between Ms. Romentes's testimony and her documentary evidence--many of which went to the heart of her asylum claim--and the IJ was unpersuaded by the reasons that Ms. Romentes gave to justify or explain the discrepancies. See Ali v. Holder, 686 F.3d 534, 537-38 (8th Cir. 2012) (credibility findings are reviewed for substantial evidence, and are conclusive unless any reasonable adjudicator would be compelled to reach contrary conclusion); cf. Redd v. Mukasey, 535 F.3d 838, 842

(8th Cir. 2008) (unexplained inconsistencies that went to heart of asylum claim supported IJ's credibility determination). The petition for review is denied.[2]

---

[2]We do not consider those matters that Ms. Romentes failed to raise before the BIA, see Martinez Carcamo v. Holder, 713 F.3d 916, 925 (8th Cir. 2013) (discussing administrative exhaustion); and we find no merit to her argument that the BIA violated due process by reviewing the IJ's credibility finding only for clear error.