# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3248

_____

Zarahi Quinilla-De La Cruz; Jeroboam Quixan-Quinilla

*Petitioner*s

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 27, 2019
Filed: December 4, 2019
[Unpublished]

_____

Before GRUENDER, WOLLMAN, KOBES, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Zarahi Quinilla-De La Cruz, individually and on behalf of her minor son Jeroboam Quixan-Quinilla, petitions for review of an order of the Board of Immigration Appeals, which dismissed her appeal from the decision of an

immigration judge (IJ) denying her asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

We conclude that substantial evidence supports the agency's determination that Quinilla-De La Cruz was not entitled to asylum because she did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. See Mayorga-Rosa v. Sessions, 888 F.3d 379, 381 (8th Cir. 2018) (asylum requirements); Garcia-Milian v. Lynch, 825 F.3d 943, 945 (8th Cir. 2016) (standard of review). Substantial evidence also supports the agency's conclusion that Quinilla-De La Cruz was not eligible for withholding of removal and CAT relief. See Martin Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019) (under the CAT, alien must show severe pain or suffering inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity); Guled v. Mukasey, 515 F.3d 872, 881-82 (8th Cir. 2008) (alien who does not meet standard for asylum cannot meet more rigorous clear probability standard for withholding of removal).

The petition for review is denied. See 8th Cir. R. 47B.

_____

[1]The derivative application Quinilla-De La Cruz brought on behalf of her son sought asylum only. See 8 U.S.C. § 1158(b)(3)(A) (child also may be granted asylum if accompanying principal alien was granted asylum). Because Quixan-Quinilla's asylum application is derivative of his mother's, all subsequent references are to Quinilla-De La Cruz.