# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2211
_____

Flory Vasquez-Vasquez; Greidy Lopez-Vasquez

*Petitioner*s

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 28, 2020
Filed: January 31, 2020
[Unpublished]

_____

Before GRUENDER, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Flory Vasquez-Vasquez, individually and on behalf of her minor daughter Greidy Lopez-Vasquez, petitions for review of an order of the Board of Immigration Appeals, which dismissed her appeal from the decision of an

immigration judge (IJ) denying her asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

We conclude that substantial evidence supports the agency's determination that Vasquez-Vasquez was not entitled to asylum because she did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See Mayorga-Rosa v. Sessions*, 888 F.3d 379, 381, 383 (8th Cir. 2018) (discussing the asylum requirements); *Garcia-Milian v. Lynch*, 825 F.3d 943, 945 (8th Cir. 2016) (explaining the standard of review). Substantial evidence also supports the agency's conclusion that Vasquez-Vasquez was not eligible for withholding of removal and CAT relief. *See Guled v. Mukasey*, 515 F.3d 872, 881-82 (8th Cir. 2008) (concluding that an alien who does not meet the standard for asylum cannot meet the more rigorous clear probability standard for withholding of removal); *Wijono v. Gonzales*, 439 F.3d 868, 874 (8th Cir. 2006) (concluding that the denial of asylum and withholding of removal dictates the same outcome on a CAT claim when the claims are based on the same underlying facts).

The petition for review is denied. *See* 8th Cir. R. 47B.

_____

[1]Because Greidy's asylum application is derivative of her mother's, all subsequent references are to Vasquez-Vasquez. See 8 U.S.C. § 1158(b)(3)(A) (stating that a child also may be granted asylum if the accompanying principal alien was granted asylum).