# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-1567

———————————————

Daniel Mauricio Ramirez-Munoz

*Petitioner*

v.

William P. Barr, Attorney General of United States

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: November 16, 2020
Filed: December 3, 2020
[Unpublished]

————————

Before BENTON, KELLY, and GRASZ, Circuit Judges.

————————

PER CURIAM.

Daniel Mauricio Ramirez-Munoz, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of an immigration judge, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Because the BIA adopted and affirmed the immigration judge's decision and

added reasoning, we review both decisions together.  See Garcia-Milian v. Lynch, 825 F.3d 943, 945 (8th Cir. 2016).

After careful review, we conclude that substantial evidence supports the agency's denial of asylum.  See id. (standard of review; agency decisions are reversed only when petitioner shows the evidence is so compelling that no reasonable fact finder could fail to find in his favor).  In support of his application, Ramirez-Munoz proposed the following particular social groups (PSGs):  (1) "Members of the Ramirez Murcia and Lopez Moran extended families," (2) "Salvadoran citizens who are part of a family that has fallen into disfavor with a gang, and family members have been killed in retribution," (3) "Salvadoran citizens who have incurred gang disfavor because past employment required them to travel into neighborhoods controlled by rival gangs," and (4) "Salvadoran citizens whose livelihood and ability to travel freely has been restricted due to gang disputes over territories."  We conclude that the third and fourth proposed PSGs were not cognizable based on this court's prior decisions, because they lacked the required particularity or social distinction.  See Mayorga-Rosa v. Sessions, 888 F.3d 379, 383-85 (8th Cir. 2018).

Even assuming Ramirez-Munoz has demonstrated that his first and second family-based proposed PSGs were sufficiently perceived as distinct groups in Salvadoran society, an issue that the BIA declined to reach, see Miranda v. Sessions, 892 F.3d 940, 943 (8th Cir. 2018) (de novo review of whether group constitutes a PSG); see also Constanza v. Holder, 647 F.3d 749, 752-54 (8th Cir. 2011) (per curiam) (explaining that a Salvadoran "family that experienced gang violence," including kidnaping and death by Mara Salvatrucha gang, lacked particularity and social distinction required to be a PSG), we conclude substantial evidence supports the agency's decision that Ramirez-Munoz failed to establish the requisite nexus between his asserted persecution and feared persecution and his membership in those groups.  See 8 U.S.C. § 1158(b)(1)(B)(i) (applicant must demonstrate that claimed protected ground "was or will be at least one central reason" for persecution); Rivas

v. Sessions, 899 F.3d 537, 542 (8th Cir. 2018) (even assuming cognizability of family group, there must be nexus between persecution and petitioner's membership in group). Specifically, based on the record, a reasonable fact finder could conclude that his membership in those groups was incidental or tangential to the gangs' generalized criminal goals, as the gangs never mentioned his family, his other family members remained unharmed in El Salvador, the gangs indiscriminately targeted residents, and the gangs often targeted him for money. See Fuentes v. Barr, 969 F.3d 865, 871-72 (8th Cir. 2020); Gomez-Rivera v. Sessions, 897 F.3d 995, 997-99 (8th Cir. 2018); Aguinada-Lopez v. Lynch, 825 F.3d 407, 409 (8th Cir. 2016).

As Ramirez-Munoz's failure to demonstrate a cognizable PSG or nexus is dispositive of his asylum claim, we do not need consider his other challenges to the denial of his asylum application. See De la Rosa v. Barr, 943 F.3d 1171, 1174-75 (8th Cir. 2019) (declining to address argument that government was unable or unwilling to protect petitioner after concluding he failed to demonstrate persecution on account of membership in PSG); Baltti v. Sessions, 878 F.3d 240, 245 (8th Cir. 2017) (declining to consider arguments regarding past persecution because BIA found petitioner failed to demonstrate a nexus, which is a proper basis for denying asylum). Because he failed to satisfy his burden of proof on his asylum claim, we also conclude that he necessarily failed to satisfy the more rigorous standard for withholding of removal. See Rivas, 899 F.3d at 542. Finally, we conclude that the agency properly denied CAT relief. See Prieto-Pineda v. Barr, 960 F.3d 516, 522 (8th Cir. 2020); Ming Ming Wijono v. Gonzales, 439 F.3d 868, 874 (8th Cir. 2006) (denial of asylum and withholding of removal dictates same outcome on CAT claim when claims are based on same underlying facts).

Accordingly, the petition for review is denied. See 8th Cir. R. 47B.
_____

-3-