# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1636

———————————————

Jose Rolando Calachij-Morente; Angela Estela Benito-Toj; S.C.T.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: November 29, 2021
Filed: December 6, 2021
[Unpublished]

——————————

Before COLLOTON, BENTON, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Guatemalan natives and citizens Jose Rolando Calachij-Morente, Angela Estela Benito-Toj, and S.C.T. petition for review of an order of the Board of Immigration Appeals (BIA). The BIA dismissed their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT).[1]  After careful consideration, we deny the petition.

As an initial matter, we conclude this court's precedent forecloses the petitioners' challenge to the agency's jurisdiction over their removal proceedings. *See Ali v. Barr*, 924 F.3d 983, 985–86 (8th Cir. 2019); *see also Tino v. Garland*, 13 F.4th 708, 709 n.2 (8th Cir. 2021).

Under the substantial-evidence standard, this court will reverse the agency's decision only if the petitioners show the evidence is so compelling that no reasonable fact finder could fail to find in their favor.  *See Garcia-Milian v. Lynch*, 825 F.3d 943, 945 (8th Cir. 2016).  We conclude substantial evidence supports the denial of asylum because the petitioners failed to demonstrate they were unable or unwilling to return to Guatemala because of persecution or a well-founded fear of persecution on account of, as relevant, their proposed particular social group of their "nuclear family."  *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (asylum eligibility requirements).

Even assuming the proposed particular social group was cognizable, the record does not compel the conclusion that it "was or will be at least one central reason" for the alleged persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (reviewing for substantial evidence as a factual determination whether a noncitizen established the requisite nexus).  Under the "one central reason" nexus standard, the proposed protected ground does not need to be the sole reason for the alleged persecution, but it "cannot be 'incidental or tangential to the persecutor's motivation,'" and this court will reverse only if it determines "a

_____

[1]The BIA indicated Benito-Toj's and S.C.T.'s asylum claims were derivative of Calachij-Morente's claim.  *See* 8 U.S.C. § 1158(b)(3)(A) (stating a spouse or child may be granted asylum if the accompanying principal alien was granted asylum). There are no derivative benefits for withholding of removal or protection under the CAT.  *See Fuentes v. Barr*, 969 F.3d 865, 868 n.1 (8th Cir. 2020).

reasonable factfinder *would have to conclude* [the protected ground] actually and sufficiently motivated his persecutors' actions." *Garcia-Moctezuma v. Sessions*, 879 F.3d 863, 868–69 (8th Cir. 2018) (quotations and citations omitted). Based on the record, a reasonable factfinder could conclude the alleged persecution fundamentally resulted from a personal dispute and the petitioners' persecutor was motivated by personal retribution. *See Martinez-Galarza v. Holder*, 782 F.3d 990, 992, 993–94 (8th Cir. 2015).

The failure to demonstrate a nexus was dispositive of the asylum claim. *See Baltti v. Sessions*, 878 F.3d 240, 245 (8th Cir. 2017). As a result, the agency correctly concluded any claim for withholding of removal also necessarily failed. *See Garcia-Milian*, 825 F.3d at 945 (explaining a petitioner ineligible for asylum necessarily cannot satisfy the more rigorous burden of proof for withholding of removal). Finally, because the petitioners' brief does not meaningfully challenge the denial of protection under the CAT, we deem that claim waived. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

For these reasons, we deny the petition for review. *See* 8th Cir. R. 47B.

_____