# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3217
_____

Dilver Ezequiel Gaytan-Parada

*Petitioner*

v.

Merrick B. Garland, Attorney General of United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 22, 2023
Filed: April 10, 2023
[Unpublished]
_____

Before BENTON, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

El Salvadoran citizen Dilver Ezequiel Gaytan-Parada applied for asylum and withholding of removal. An immigration judge denied his application, and the Board of Immigration Appeals (BIA) dismissed his appeal. He petitions for review.

We lack jurisdiction to review the denial of Gaytan-Parada's asylum claim because he does not meaningfully raise a constitutional or legal challenge to the agency's findings that his application was untimely and that he failed to show the deadline should be excused based on extraordinary circumstances. See 8 U.S.C. §§ 1158(a)(3) (no court shall have jurisdiction to review any determination on whether extraordinary circumstances warrant consideration of untimely asylum application), 1252(a)(2)(D) (exception to jurisdictional bar for constitutional claims or questions of law); Cambara-Cambara v. Lynch, 837 F.3d 822, 825 (8th Cir. 2016) (concluding this court lacks jurisdiction to review untimeliness of asylum application, absent a constitutional claim or question of law, and whether an applicant has shown extraordinary circumstances is a factual finding or discretionary judgment insulated from review); see also Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

Gaytan-Parada has waived review of his claim for withholding of removal because he has failed to meaningfully challenge the agency's reasons for denying it. See, e.g., Hassan v. Rosen, 985 F.3d 587, 590 n.1 (8th Cir. 2021). Even if Gaytan-Parada had not waived review, substantial evidence supported the denial of his claim. See Mouawad v. Gonzales, 485 F.3d 405, 412 (8th Cir. 2007) (standard of review). He did not demonstrate past harm rising to the extreme level of persecution or a clear probability of future persecution. See Cano v. Barr, 956 F.3d 1034, 1039 (8th Cir. 2020); Lemus-Arita v. Sessions, 854 F.3d 476, 482 (8th Cir. 2017); Garcia-Colindres v. Holder, 700 F.3d 1153, 1158 (8th Cir. 2012); Samedov v. Gonzales, 422 F.3d 704, 708 (8th Cir. 2005). These determinations were dispositive of his claim. See Cano, 956 F.3d at 1040 & n.4.

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____