# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2733
_____

Candelaria Ajanel-Solis

*Petitioner*

v.

Merrick B. Garland, Attorney General for the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: February 29, 2024
Filed: March 12, 2024
[Unpublished]
_____

Before COLLOTON,[1] KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Candelaria Ajanel-Solis petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an immigration judge's

---

[1]Judge Colloton became chief judge of the circuit on March 11, 2024. *See* 28 U.S.C. § 45(a)(1).

decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

After careful review, we conclude that the BIA properly denied asylum and withholding of removal. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1), 1231(b)(3)(A). Ajanel-Solis does not challenge the BIA's conclusion that she failed to meaningfully dispute the finding that any alleged past persecution was not motivated by an anti-gang political opinion, see Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (explaining that a claim not raised in an opening brief is deemed waived), and, despite her arguments otherwise, the record does not compel the conclusion that she demonstrated a well-founded fear of future persecution based on an imputed anti-gang political opinion, see Aguilar v. Garland, 60 F.4th 401, 405 (8th Cir. 2023) (standard of review). Instead, substantial evidence supports the finding that gang members would target her for non-political reasons, and the country reports do not compel a contrary conclusion. See Aguilar, 60 F.4th at 405–06 (concluding that the refusal to comply with demands of a politically influential gang, without more, is insufficient to show the gang's mistreatment would be motivated by an anti-gang political opinion); Marroquin-Ochoma v. Holder, 574 F.3d 574, 578–79 (8th Cir. 2009) (concluding that a general political motive underlying a gang's actions is insufficient to show the gang believes resistance to those actions is based on an anti-gang political opinion).

We will not consider Ajanel-Solis's argument that she established a fear of persecution under a "pattern or practice" theory because she did not raise this argument in her counseled agency proceedings. See Essel v. Garland, 89 F.4th 686, 691 (8th Cir. 2023). We also do not reach her argument that the Guatemalan government was unwilling or unable to protect her, because her failure to show that

any persecution would be motivated by a political opinion disposed of her claims. See Marroquin-Ochoma, 574 F.3d at 579.[2]

We also conclude that substantial evidence supports the denial of CAT protection because Ajanel-Solis failed to prove that she more likely than not would be tortured by, at the instigation of, or with the consent or acquiescence of the Guatemalan government. See Jima v. Barr, 942 F.3d 468, 473 (8th Cir. 2019) (CAT applicant must show specific grounds exist indicating she would personally be at risk and cannot rely on an unsupported hypothetical "chain of assumptions" related to mass human-rights abuses); see also Garcia-Milian v. Lynch, 825 F.3d 943, 946 (8th Cir. 2016) (concluding the Guatemalan government's difficulty controlling gang violence did not show acquiescence); Marroquin-Ochoma, 574 F.3d at 579–80 (same).

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____

[2]Ajanel-Solis does not challenge the denial of asylum and withholding of removal based on her proposed particular social groups, so we do not consider those claims. See Chay-Velasquez, 367 F.3d at 756.