# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3318
_____

Angel Ramos-Ramos; A.J.R.C.

*Petitioner*s

v.

Pamela Bondi, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: July 18, 2025
Filed: July 23, 2025
[Unpublished]
_____

Before SMITH, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Angel Ramos-Ramos, on behalf of himself and his minor child, petitions for review of an order of the Board of Immigration Appeals (BIA). The BIA dismissed his appeal from an immigration judge's (IJ's) decision denying

him asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

Upon careful consideration, we conclude that substantial evidence supports the BIA's determination that Ramos-Ramos was not entitled to asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1); Garcia-Milian v. Lynch, 825 F.3d 943, 945 (8th Cir. 2016) (standard of review). A reasonable factfinder could conclude that he did not establish past persecution or a well-founded fear of future persecution. See Cano v. Barr, 956 F.3d 1034, 1039-40 (8th Cir. 2020) (persecution "is an extreme concept that excludes low-level intimidation and harassment"; threats, alone, will rarely amount to persecution, and only if they are "so menacing as to cause significant actual suffering or harm"; in establishing well-founded fear of future persecution, applicant may not rely on reasons used to establish unsuccessful claim of past persecution (quotations omitted)); see also Al Yatim v. Mukasey, 531 F.3d 584, 588-89 (8th Cir. 2008) (difficulties that are part of "general state of unrest throughout area" or that result from generalized violence or crime typically do not qualify as persecution (quotation omitted)). Substantial evidence also supports the conclusion that Ramos-Ramos failed to demonstrate the requisite nexus between any persecution and a protected ground. See Silvestre-Giron v. Barr, 949 F.3d 1114, 1118-19 & n.3 (8th Cir. 2020) (finding substantial evidence supported lack of nexus where a reasonable factfinder could conclude that those persecuting applicant were only motivated by money). We also conclude the agency properly denied Ramos-Ramos withholding of removal and CAT protection. See Guled v. Mukasey, 515 F.3d 872, 881-82 (8th Cir. 2008) (noncitizen who does not meet well-founded fear standard for asylum cannot meet higher "clear probability" standard for withholding of removal; separate analysis for CAT claim "is required only when there is evidence the [noncitizen] may

---

[1]We refer to Ramos-Ramos because his daughter's application is derivative of her father's application. See 8 U.S.C. § 1158(b)(3)(A), (B). There are no derivative benefits for withholding of removal or relief under the CAT. See Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020).

be tortured for reasons unrelated to his claims for asylum and withholding of removal").

Accordingly, the petition for review is denied. <u>See</u> 8th Cir. R. 47B.

_____