# Matter of Magdaleno ANDRADE JASO, Respondent
# Matter of Carmina CARBAJAL AYALA, Respondent

*Decided May 31, 2019*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeal

An Immigration Judge has the authority to dismiss removal proceedings pursuant to 8 C.F.R. § 239.2(a)(7) (2018) upon a finding that it is an abuse of the asylum process to file a meritless asylum application with the U.S. Citizenship and Immigration Services for the sole purpose of seeking cancellation of removal in the Immigration Court.

FOR RESPONDENTS: Marcos Favela, Esquire, Phoenix, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Brent Landis, Senior Attorney

BEFORE: Board Panel: MALPHRUS, MULLANE and LIEBOWITZ, Board Members.

MALPHRUS, Board Member:

In a decision dated October 24, 2017, an Immigration Judge granted a motion filed by the Department of Homeland Security ("DHS") to dismiss the respondents' removal proceedings without prejudice. The respondents have appealed from that decision. The appeal will be dismissed.

On August 1, 2015, the respondents, through counsel, filed applications for asylum with the U.S. Citizenship and Immigration Services ("USCIS"). On the advice of counsel, the respondents did not appear at their asylum interview. As required by 8 C.F.R. §§ 208.14(c)(1) and 1208.14(c)(1) (2018), the USCIS referred their applications to the Immigration Court for adjudication in removal proceedings. At the first master calendar hearing before the Immigration Judge on October 7, 2015, the respondents, through this same attorney, immediately withdrew their asylum applications and applied for cancellation of removal.

On December 12, 2016, the DHS filed a motion to dismiss the notices to appear without prejudice. In support of the motion, the DHS argued that circumstances of the case had changed to such an extent that continuation of the proceedings was no longer in the best interest of the Government. The DHS noted the questionable manner in which the respondents and their attorney changed the requested form of relief at their first opportunity in Immigration Court after failing without explanation to appear at their asylum

interview before the USCIS. The Immigration Judge found that they filed meritless asylum applications, "affirmatively elected" not to appear at their asylum interview, and "deliberately declined" to petition the USCIS to reschedule their interview. He further determined that this conduct by the respondents and counsel constituted an abuse of the asylum process.

The DHS has broad discretion to initiate removal proceedings by issuing, serving, and filing a Notice to Appear (Form I-862), which vests jurisdiction over an alien's removal proceedings with the Immigration Court. *See* 8 C.F.R. § 1003.14(a) (2018) (providing that removal proceedings "commence" when the DHS files a notice to appear with the Immigration Court); *see also* section 239(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a) (2012); *Matter of Ordaz*, 26 I&N Dec. 637, 641 (BIA 2015) (noting that the DHS has the sole discretion to commence removal proceedings).

The DHS may unilaterally cancel a notice to appear before jurisdiction vests with an Immigration Judge. *See* 8 C.F.R. §§ 239.2(a), 1239.2(a) (2018). However, once jurisdiction vests, the DHS may move for dismissal only for certain specified reasons, including where the "[c]ircumstances of the case have changed after the notice to appear was issued to such an extent that continuation is no longer in the best interest of the government." 8 C.F.R. §§ 239.2(a)(7), (c), 1239.2(c); *see also Matter of S-O-G- & F-D-B-*, 27 I&N Dec. 462, 465–66 (A.G. 2018); *Matter of W-B-C-*, 24 I&N Dec. 118, 122 (BIA 2007).

The language of 8 C.F.R. §§ 239.2 and 1239.2 "marks a clear boundary between the time prior to commencement of proceedings, where a [DHS] officer has decisive power to cancel proceedings, and the time following commencement, where the . . . officer merely has the privilege to move for dismissal of proceedings." *Matter of G-N-C-*, 22 I&N Dec. 281, 284 (BIA 1998). "By this distinction, the regulation presumably contemplates not just the automatic grant of a motion to [dismiss], but an informed adjudication by the Immigration Judge or this Board based on an evaluation of the factors underlying the [DHS's] motion." *Id.*

An Immigration Judge has the authority to grant a DHS motion to dismiss removal proceedings pursuant to 8 C.F.R. § 239.2(a)(7) upon a finding that it is an abuse of the asylum process to file a meritless asylum application with the USCIS for the sole purpose of seeking cancellation of removal in the Immigration Court. *See Matter of Sanchez-Herbert*, 26 I&N Dec. 43, 45 (BIA 2012) (stating that an Immigration Judge may terminate proceedings in "specific circumstances consistent with the law and applicable regulations"). The record supports the Immigration Judge's finding that the respondents' conduct constituted such an abuse. The asylum applications they submitted to the USCIS lacked merit, were filed for the sole purpose of securing a

hearing on their cancellation applications before an Immigration Judge, and were withdrawn after the DHS commenced removal proceedings. The respondents have not disputed the Immigration Judge's findings in this regard on appeal, and they do not assert that they currently have a colorable asylum claim.

Instead, they argue that the DHS has not demonstrated any change in circumstances that occurred *after* their notices to appear were issued, noting that their failure to appear for the asylum interview occurred *before* the DHS issued the notices to appear. However, the respondents' withdrawal of their asylum applications at the first master calendar hearing constitutes a change in circumstances that occurred *after* the issuance of the notices to appear. Moreover, the series of actions by the respondents after applying for asylum changed the circumstances in their case "to such an extent that continuation [of the proceedings was] no longer in the best interest of the government." 8 C.F.R. § 239.2(a)(7). Therefore, the DHS's motion was based on a valid ground for dismissal under 8 C.F.R. §§ 239.2(a)(7) and (c). *See also* 8 C.F.R. § 1239.2(c).

The respondents also argue that by dismissing their proceedings without adjudicating their applications for cancellation of removal, the Immigration Judge violated their right to due process. However, the desire to regularize their status through discretionary relief, such as cancellation of removal, does not entitle them to the commencement and continuation of removal proceedings. *See Mendez-Garcia v. Lynch*, 840 F.3d 655, 666 (9th Cir. 2016) ("No statute or regulation requires the government to take action on [the aliens'] applications within a set period, nor does cancellation of removal 'give rise to a "substantive interest protected by the Due Process Clause."'" (citations omitted)).

Finally, the dismissal of proceedings in this case was without prejudice. 8 C.F.R. § 1239.2(c). The respondents have not been ordered removed, and there is no indication that they are in imminent danger of removal. If the DHS places the respondents in proceedings by issuing new notices to appear, they may, at that time, pursue any form of relief from removal for which they may be eligible, including cancellation of removal.

The Immigration Judge properly granted the DHS's motion to dismiss the proceedings without prejudice. Accordingly, the respondents' appeal will be dismissed.

**ORDER:** The appeal is dismissed.