# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2615

———————————————

Paul Jack Cobby Essel

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: March 15, 2023
Filed: December 28, 2023

——————————

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

——————————

GRASZ, Circuit Judge.

In 2003, Paul Jack Cobby Essel legally entered the United States on a nonpermanent student visa. In 2009, he obtained conditional permanent resident status, and he applied for citizenship based on marrying a United States citizen. The United States Citizenship and Immigration Services denied his application because it determined Essel was not living in a marital union with his citizen-spouse and that he had made false statements regarding his marriage to obtain an immigration

benefit. Immigration Services later charged him with removability from the United States. An immigration judge agreed and found Essel removable. Essel appealed, and the Board of Immigration Appeals dismissed his appeal. In 2019 and 2021, Essel filed separate motions to reopen his case. In a single order, the Board denied the motions both on the merits and because they were untimely. Essel now petitions us to review the Board's decision, which we deny.

## I. Background

Essel, a native and citizen of Ghana, entered the United States as a nonimmigrant student in 2003. Roughly five years later, Essel legally married his first wife, Mary, a United States citizen who lived in Detroit, Michigan. Based on this marriage, Essel obtained conditional permanent resident status in 2009, and he later applied for citizenship.

In 2012, Immigration Services denied Essel's application for citizenship for two reasons. First, Immigration Services concluded Essel failed to show he lived with his wife for the required three-year period preceding his application. *See* 8 U.S.C. § 1430(a); 8 C.F.R. § 319.1(a)–(b). Interviews of Essel and Mary revealed they lived in different states—Essel in Missouri and Mary in Michigan. Thus, Essel was not in a "marital union with a citizen spouse" because he did not "*actually reside[]*" with her. 8 C.F.R. § 319.1(b)(1) (emphasis added). Second, Immigration Services found Essel lacked good moral character because he lied under oath about the state of his marriage. *See* 8 U.S.C. § 1101(f)(6) (A person is not regarded as having a good moral character if he "has given false testimony for the purpose of obtaining any [immigration] benefits."). Whatever the state of the marriage may have been at the time, in September 2013 the couple divorced.

The Department of Homeland Security charged Essel with removability under 8 U.S.C. § 1227(a)(1)(G)(ii), claiming Essel obtained admission into the United States through a fraudulent marriage. In 2015, after presiding over a contested hearing, an immigration judge agreed. She found Essel's testimony not credible,

denied his voluntary departure, and ordered Essel be removed from the United States to Ghana.

Essel appealed the immigration judge's decision to the Board of Immigration Appeals. In October 2016, the Board upheld the immigration judge's determination that Homeland Security met its burden to prove Essel was removable. The Board concluded the immigration judge did not clearly err when she found that Essel's testimony not credible and that he was not in a bona fide marriage.

Three weeks after the Board's decision, Essel married another woman, Pearl, who had become a United States citizen in 2014. In December 2016, Pearl filed an I-130 Petition for an Alien Relative on Essel's behalf.[1] After originally giving notice of its intent to deny the I-130 petition based on Essel's prior marriage fraud, Immigration Services reversed course and approved the petition in June 2018. Though this approval did not itself grant any immigration status to Essel or guarantee his eligibility for a visa, it would normally allow him to apply for an adjustment of status. *See* 8 U.S.C. § 1255(a); *Tebyasa v. Holder*, 593 F.3d 707, 709 (8th Cir. 2010).

Because the Board already issued a final order of removal, Essel needed to file a motion to reopen with the Board to change his immigration status. *See Tebyasa*, 593 F.3d at 709; 8 C.F.R. § 1003.2. But Essel did not file such a motion with the Board until January 2019—six months after Immigration Services approved the I-130 petition. In that motion, Essel urged the Board to use its sua sponte authority to reopen his removal proceedings so he could adjust his status based on Immigration Service's approval of his wife's I-130 petition.

In the same motion, Essel also requested reopening based on the Supreme Court's decision in *Pereira v. Sessions*, which held that a putative notice to appear

---

[1]A United States citizen may file an I-130 petition with Immigration Services to request permanent resident status for an alien relative or spouse. *See* 8 U.S.C. § 1154(a)(1)(A)(i); 8 C.F.R. § 204.2(a)(1) ("A United States citizen or alien admitted for lawful permanent residence may file a [visa] petition on behalf of a spouse.").

must designate the specific time or place of a noncitizen's removal proceedings. 138 S. Ct. 2105, 2109–10 (2018). Under *Pereira*, if a notice fails to designate the time or place of the hearing, the notice will not trigger the stop-time rule or otherwise end the noncitizen's period of continuous presence in the United States. *See id*. Essel argued for a far more expansive reading of *Pereira*: insufficient notice not only fails to trigger the stop-time rule, but it also deprives the immigration court of jurisdiction.

In May 2021, while his first motion was still pending, Essel filed a second motion to reopen. In that motion, Essel urged the Board to apply equitable tolling to allow him to reopen his case because of the Supreme Court case of *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). Essel argued *Niz-Chavez* expanded upon *Pereira* by holding that for a notice to appear to trigger the stop-time rule, the notice needed to have all necessary information in a single document; subsequent documents did not cure a notice's initial insufficiency. *See id*. at 161. Again, Essel argued *Niz-Chavez* and *Pereira* apply beyond the stop-time rule. Essel reiterated his argument that the Immigration Court lacked jurisdiction over him because his notice to appear lacked the date and time of his hearing.

Ultimately, the Board denied both motions as untimely, rejecting Essel's interpretation of *Niz-Chavez* and finding that case did not justify equitable tolling. Alternatively, the Board determined that reopening was unwarranted because Essel failed to demonstrate prima facie eligibility for relief on any of his new claims. Finally, the Board declined to exercise its discretion to grant sua sponte relief.

## II. Analysis

Essel now petitions for us to review the Board's order denying both of his motions to reopen.

### A. Essel's Motion for Sua Sponte Relief

As a threshold matter, we lack jurisdiction to review the Board's refusal to grant sua sponte relief. In that motion, Essel asked the Board to use its sua sponte authority to reopen proceedings and to cancel his eligibility for removal. Congress specified that the circuit courts do not have jurisdiction to review the Board's denial of discretionary relief. 8 U.S.C. § 1252(a)(2)(B)(i). Because the Board's refusal to grant sua sponte relief "is a purely discretionary decision," we generally lack jurisdiction to review the Board's decision. *Salcido Mar v. Garland*, 27 F.4th 598, 600 (8th Cir. 2022). There is a narrow exception to this rule: we may consider the issue if the Board's denial presents a "colorable constitutional claim." *Robles v. Garland*, 23 F.4th 1061, 1065 (8th Cir. 2022) (quoting *Vue v. Barr*, 953 F.3d 1054, 1057 (8th Cir. 2020)).

In an attempt to gain review on this issue, Essel alleges the Board violated his right to due process because of its "wholesale" and "categorical failure" to discuss the I-130 visa petition. But the Board did address his visa petition, deciding it did not warrant sua sponte relief. Essel cannot show any due process violation because he cannot show a protected liberty interest in how the Board exercised a purely discretionary remedy. *See Rodriguez v. Barr*, 952 F.3d 984, 990 (8th Cir. 2020). And because there is no colorable constitutional claim for us to review, we lack jurisdiction to review the Board's denial of sua sponte relief.

### B. Equitable Tolling

Essel also requested the Board apply equitable tolling to reopen his case, which the Board declined to do. The Board's decision in that regard is a final order of removal decision, over which we have jurisdiction for review. *See* 8 U.S.C. § 1252(a).

To begin, Essel's motions to reopen were untimely because he did not file them within ninety days of the entry of his final administrative order of removal.

-5-

*See* 8 U.S.C. § 1229a(c)(7)(C)(i). That is not in dispute. Instead, Essel argued for equitable tolling of the time limit so that he may petition to reopen proceedings. He presented the Board only one argument for equitable tolling: *Pereira* and *Niz-Chavez* changed the legal landscape by depriving the Immigration Court of jurisdiction when the notice to appear lacks the time and date of a hearing, so the Board should reopen proceedings and grant him relief. The Board, relying on our precedent, rejected that argument. *See Tino v. Garland*, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (*Pereira* and *Niz-Chavez* are limited to the stop-time rule context and did not disturb "our jurisdiction-related precedent.").

Instead of petitioning for review of the Board's rejection of his argument for equitable tolling, Essel raises two new arguments for our review. First, he argues equitable tolling should apply because Immigration Services granted him an I-130 visa, which "substantiated" claims for ineffective assistance of counsel he raised all the way back in 2016. Second, he argues he had a qualifying child in January 2016, which preceded the Board's October 2016 rejection of his appeal, so he actually had a relative qualifying him for cancellation of removal prior to the Board issuing its order.

Essel did not articulate these arguments as grounds for equitable tolling in either of his two motions. Though Essel argued the I-130 visa justified reopening his case, he "failed to raise this issue as an independent claim [for equitable tolling] before the [the Board]." *Brizuela v. Garland*, 71 F.4th 1087, 1092 (8th Cir. 2023). And Essel did not raise the issue of his potentially-qualifying child to the Board in any context.

Simply put, Essel petitions us to review issues on which the Board did not rule. Thus, he fails to comply with 8 U.S.C. § 1252(d)(1)'s requirement to exhaust all administrative remedies. Though the exhaustion requirement is not jurisdictional, *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023), we have held a court-imposed exhaustion requirement is appropriate when, as here, "the proceedings before the

[immigration judge] and [the Board] were adversarial in nature and the petitioner was represented by counsel." *Marambo v. Barr*, 932 F.3d 650, 655 (8th Cir. 2019).

We find the circumstances of this case akin to *Brizuela*'s, in which a petitioner tried to raise an issue for the first time on petition for review; an issue the Board reviewed in only one context (a due process argument) but not the context she sought on her petition for review (an immigration judge's abuse of discretion). 71 F.4th at 1091–92. "Because she did not appropriately assert an alleged abuse of discretion by the [immigration judge] as an *independent basis* for remand, the [Board] had no reason to evaluate it outside of the context of her due process argument." *Id.* at 1092 (emphasis added). Thus, even though the petitioner spent "a substantial portion of her briefing contending that [issue]," *id.* at 1091, we deemed she "failed to exhaust her administrative remedies as to this claim," and so we declined "to review it for the first time in her petition to review."

Essel's case is similar. Essel's counsel did not assert the I-130 visa argument or the qualifying-child-through-*Niz-Chavez* argument as independent bases for the Board to apply equitable tolling, so the Board had no reason to evaluate those claims in that context. As in *Marambo* and *Brizuela*, we deem it appropriate to impose the administrative exhaustion requirement. *See Brizuela*, 71 F.4th at 1092 n.4. Whatever the merits, Essel should have articulated these arguments to the Board in either of his two motions, but he did not. We will not address Essel's new arguments for the first time in his petition for review.

## III. Conclusion

For the reasons above, we deny Essel's petition for review.

_____