In the

# United States Court of Appeals
## For the Seventh Circuit

───────────────

No. 23-2694

EULALIA MATEO-MATEO, *et al.*,

*Petitioners*,

*v.*

MERRICK B. GARLAND, Attorney General of the United States,

*Respondent.*

───────────────

Petition for Review of an Order of the Board of Immigration Appeals.
Nos. A215-878-644, A215-878-645, and A215-878-646

───────────────

ARGUED SEPTEMBER 5, 2024 — DECIDED DECEMBER 23, 2024

───────────────

Before SYKES, *Chief Judge*, and ST. EVE and LEE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. Eulalia Mateo-Mateo and her two minor children, all Guatemalan citizens, challenge the denial of Mateo's claim for asylum, humanitarian asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT").[1] Mateo sought relief on the basis that the mother of her children's father had, and would continue to, physically and verbally abuse her.

We deny the petition for review. We find that Mateo's claims under the Immigration and Nationality Act ("INA")—asylum, humanitarian asylum, and withholding of removal—fail for two independent and dispositive reasons. First, Mateo failed to challenge the Immigration Judge's ("IJ") and the Board of Immigration Appeals' ("Board") finding that the Guatemalan government was not unable or unwilling to protect her. Second, the IJ's and Board's finding that Mateo did not experience persecution on account of a protected ground is supported by substantial evidence. Mateo's final claim for CAT relief fails on exhaustion grounds.

## I. Background

### A. Factual History

Mateo started dating Marco Tulio in 2014, when she was nineteen years old. She met Marco's mother, Lucinda Juarez, a few months later when Lucinda stood outside of Mateo's home and threatened to hurt or kill her. Mateo hid inside, and Lucinda left after about an hour.

Mateo soon learned that she was pregnant, and she and Marco moved in with Lucinda. Lucinda's hostility towards Mateo escalated. Lucinda ordered Mateo to convert from Catholicism to Protestantism, which Mateo refused. She also

---

[1] Eulalia Mateo-Mateo refers to her last name as Mateo in her brief, so we will do the same.

physically abused Mateo, hitting her almost every day. Marco's sister Olga also hurt Mateo by pulling her hair.

When Mateo became pregnant with their second child, Marco left for the United States. Lucinda, meanwhile, hit Mateo's waist, back, and stomach repeatedly in an attempt to cause a miscarriage.

In March 2016, Mateo moved out of Lucinda's home and in with Mateo's mother. The physical abuse ended at this time, though Lucinda still engaged in verbal abuse. In 2018, Lucinda attempted to lure Mateo's children away from her and threatened Mateo. Mateo then left Guatemala for the United States with her children.

**B. Procedural History**

Upon arriving in the United States, a United States Customs and Border Patrol officer apprehended Mateo and her children, and the Department of Homeland Security initiated removal proceedings. Mateo and her children conceded removability. Mateo subsequently applied for asylum, withholding of removal, and relief under the CAT, naming her children as derivative applicants on her asylum application.

An IJ held a hearing on Mateo's application where Mateo testified to the above facts. The IJ found Mateo credible but denied her asylum application, explaining that Mateo did not demonstrate past persecution or a well-founded fear of future persecution.

The IJ provided two independent reasons Mateo did not demonstrate past persecution. First, Mateo did not provide evidence that Lucinda harmed her "on account of [her] membership" in any of Mateo's five proffered social groups: 1) indigenous Guatemalan women; 2) unmarried indigenous

woman raising children without the father; 3) young, unmarried indigenous mother abandoned by her partner; 4) indigenous Guatemalan women subject to domestic abuse by their partner's family; or 5) indigenous Guatemalan woman with no access to justice. Even assuming her proffered social groups were cognizable, the IJ concluded that Lucinda harmed Mateo due to "personal animosity," not group membership.

Second, the IJ found that Mateo did not establish that the Guatemalan government was unable or unwilling to protect her from Lucinda. Mateo testified that she did not report the abuse to the police because Lucinda could pay them off and because the police were too far away, but the IJ deemed this reasoning too speculative and insufficient.

The IJ then explained that Mateo did not establish a well-founded fear of future persecution on account of a protected ground. Because Mateo did not establish past or a well-founded fear of future persecution, the IJ denied her asylum claim.

The IJ similarly denied Mateo's application for withholding of removal, explaining that Mateo did not show a past or future threat to her life or freedom on account of a protected ground. Finally, the IJ denied Mateo relief under the CAT because Mateo did not establish that she faced a substantial risk of torture if she returned to Guatemala.

Mateo then appealed to the Board. The Board affirmed the IJ's denial of asylum, explaining that it found no clear error in the IJ's findings on a lack of a "nexus" between persecution and a protected ground and that Mateo failed to show the Guatemalan government's inability or unwillingness to

protect her. The Board also explained that the lack of nexus doomed Mateo's claim for humanitarian asylum. It then affirmed the IJ's decision that Mateo had not satisfied the higher burden necessary for withholding of removal.

Finally, the Board deemed Mateo's claim for CAT relief waived because she had "not meaningfully identified error in the Immigration Judge's denial." This petition for review followed.

## II. Discussion

Because the Board "adopted the view of the IJ and affirmed with additional analysis, we review both opinions." *Osorio-Morales v. Garland*, 72 F.4th 738, 741 (7th Cir. 2023). We review legal determinations de novo and uphold factual findings so long as they are supported by substantial evidence. *Borjas Cruz v. Garland*, 96 F.4th 1000, 1004 (7th Cir. 2024). Under the "deferential" substantial evidence standard, we reverse factual findings "only if the evidence compels a different result." *Meraz-Saucedo v. Rosen*, 986 F.3d 676, 684 (7th Cir. 2021).

### A. Claims Under the INA

We begin with Mateo's challenge to the denial of her asylum, humanitarian asylum, and withholding of removal claims, finding that all three claims fail for two reasons, each independently dispositive.

To qualify for asylum, Mateo "bears the burden of proving that [s]he is a 'refugee' within the meaning of the Immigration and Nationality Act." *Osorio-Morales*, 72 F.4th at 742 (quoting *Vahora v. Holder*, 707 F.3d 904, 907 (7th Cir. 2013)). To do so, Mateo must demonstrate that she is "unable or unwilling" to return to Guatemala "because of persecution or a well-

founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). One of those protected grounds must be a "central reason" for her persecution. *Zhakypbaev v. Sessions*, 880 F.3d 881, 884 (7th Cir. 2018). Additionally, "to receive protection under the [INA], the persecution must be inflicted by the government, or by private actors whom the government is unable or unwilling to control." *Osorio-Morales*, 72 F.4th at 742 (quoting *Vahora*, 707 F.3d at 908).

Setting aside differences between Mateo's claims under the INA, humanitarian asylum and withholding of removal likewise require that an applicant's persecution be on account of a protected ground and by the government or private actors whom the government is unable or unwilling to control. *See id.*; *Georgieva v. Holder*, 751 F.3d 514, 523 (7th Cir. 2014) (humanitarian asylum); *Almutairi v. Holder*, 722 F.3d 996, 998 (7th Cir. 2013) (withholding of removal).

In her petition for review, Mateo argues only that the IJ and Board erred by finding that she did not experience harm on account of a protected ground. She does not address their independent and dispositive determination that she failed to establish the Guatemalan government's inability or unwillingness to protect her. Without a challenge to this dispositive finding, we must deny the petition for review of her asylum, humanitarian asylum, and withholding of removal claims. *See Diaz Mejia v. Garland*, 74 F.4th 896, 898–99 (7th Cir. 2023) (explaining that a petitioner's failure to develop an argument before us results in waiver).

Even if Mateo had made arguments regarding the Guatemalan government's protection, we must deny her petition

for the additional reason that she has not established that she experienced harm on account of a protected ground. The Board affirmed the IJ's finding that "personal animosity" motivated Lucinda, not Mateo's group membership. Mateo challenges this finding by asserting that Lucinda assaulted her for "being [an] unmarried mother of two minor children" and "due to being a young mother of two children," but she provides no evidence in the record to support these assertions. Even if these proffered social groups are cognizable, her conclusory statements about Lucinda's motive fall far short of demonstrating that the "evidence compels a different result."[2] *See Meraz-Saucedo*, 986 F.3d at 684.

We do not intend to diminish the harm Mateo experienced. But because Mateo has waived one dispositive issue and substantial evidence supports the IJ and Board's finding on another, her claims under the INA must fail.

**B. CAT**

Finally, we turn to Mateo's claim that she is eligible for relief under the CAT. The Board deemed Mateo's CAT claim waived because she failed to "meaningfully identif[y] error in the Immigration Judge's denial." In her petition for review, Mateo does not challenge the Board's finding of waiver, and instead jumps right to asserting that she is eligible for CAT relief. But without challenging the Board's decision on waiver, and without having presented her CAT arguments

---

[2] Mateo also attempts to revive her argument that Lucinda harmed her on account of her religion, but Mateo has waived this argument by not raising it before the Board. *See Diaz Mejia*, 74 F.4th at 899 (foreclosing argument on an issue the applicant did not meaningfully present to the Board).

before the Board, we must conclude that Mateo failed to exhaust administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Munoz-Rivera v. Garland*, 81 F.4th 681, 687–88 (7th Cir. 2023) (explaining that the exhaustion requirement includes presenting arguments to the Board that it has power to address); *see also Tjong v. Holder*, 498 F. App'x 603, 606 (7th Cir. 2012). We therefore need not reach the merits of Mateo's CAT claim.

### III. Conclusion

For these reasons, we deny the petition for review.