# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2027
_____

Rosa Mejia-Lopez; P.T.M.; S.T.M.; J.D.T.M.

*Petitioners*

v.

Pamela Bondi[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 28, 2025
Filed: April 2, 2025
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

_____

[1]Pamela Bondi has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Guatemalan citizen Rosa Mejia-Lopez, on behalf of herself and her three children, petitions for review of an order of the Board of Immigration Appeals (BIA).[2] The BIA rejected Mejia-Lopez's request to terminate the proceedings based on *Pereira v. Sessions*, 585 U.S. 198 (2018), and dismissed her appeal from an immigration judge's (IJ's) decision denying her protection under the CAT, asylum, and withholding of removal.

The BIA concluded that Mejia-Lopez's request to terminate proceedings was foreclosed by precedent. The BIA further concluded that the CAT claim had been waived, because Mejia-Lopez did not meaningfully challenge the IJ's denial of the relief in her counseled administrative appeal; and her asylum and withholding of removal claims failed because she waived a challenge to the IJ's dispositive finding that she did not meet the burden of proof required to establish persecution based on the conduct of private actors. We conclude that Mejia-Lopez's challenge to the agency's jurisdiction over her removal proceedings is foreclosed by this court's precedent. *See Ali v. Barr*, 924 F.3d 983, 985-86 (8th Cir. 2019); *Tino v. Garland*, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam). As for the requests for relief and protection from removal, we conclude that the claims are unexhausted and waived. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (concluding that exhaustion requirement in 8 U.S.C. § 1252(d)(1) is non-jurisdictional claim-processing rule subject to waiver or forfeiture); *Essel v. Garland*, 89 F.4th 686, 691 (8th Cir. 2023) (enforcing court-imposed exhaustion requirement when petitioner was represented by counsel and argument was not presented to the BIA); *Chay-Velasquez v. Ashcroft*,

---

[2]Because the children's asylum applications are derivative of Mejia-Lopez's application, all references are to Mejia-Lopez. *See* 8 U.S.C. § 1158(b)(3)(A), (B); *Fuentes v. Barr*, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (recognizing that there are no derivative benefits associated with withholding of removal or protection under the Convention Against Torture (CAT); thus, an applicant who does not independently file for such relief will only be eligible as derivative asylum beneficiary).

367 F.3d 751, 756 (8th Cir. 2004) (explaining that a claim not meaningfully argued in an opening brief is waived).

Accordingly, the petition for review is denied. *See* 8th Cir. R. 47B.

_____