# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1969

_____

Karla Yesenia Gomez-Orozco; E.F.G.-O.

*Petitioner*s

v.

Pamela Bondi

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 20, 2026
Filed: February 25, 2026
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Guatemalan natives and citizens Karla Yesenia Gomez-Orozco and E.F.G.-O., her minor child, petition for review of an order of the Board of Immigration Appeals (BIA). An immigration judge denied Gomez-Orozco's applications for asylum,

withholding of removal, and humanitarian asylum, and the BIA dismissed her appeal from that decision.[1]

Substantial evidence supports the denial of asylum and withholding of removal. We agree with the government that Gomez-Orozco failed to exhaust any claim based on a pattern or practice against women generally in Guatemala, as she consistently argued before the agency that her claims were based on her ex-partner's actions. See 8 U.S.C. § 1252(d)(1) (requiring administrative exhaustion); Santos-Zacaria v. Garland, 598 U.S. 411, 423 (2023) (discussing exhaustion requirement); Essel v. Garland, 89 F.4th 686, 691 (8th Cir. 2023) (enforcing exhaustion requirement). The agency found that Gomez-Orozco failed to establish the Guatemalan government was or would be unwilling or unable to control her ex-partner, and we agree with the government that she has waived review of this dispositive finding by failing to meaningfully challenge the agency's reasons for this ruling. See Coreas-Chavez v. Garland, 52 F.4th 413, 416 (8th Cir. 2022). Even if she had not waived the issue, the record does not compel a contrary conclusion. See Galloso v. Barr, 954 F.3d 1189, 1192 (8th Cir. 2020) (explaining the standard of review); see also Juarez-Coronado v. Barr, 919 F.3d 1085, 1089 & n.2 (8th Cir. 2019).

Likewise, even assuming Gomez-Orozco meaningfully challenged the denial of humanitarian asylum, the BIA did not abuse its discretion by denying the claim based on its finding that she had failed to show the Guatemalan government was or would be unwilling or unable to control her ex-partner, which also disposed of this claim. See Mejia-Lopez v. Barr, 944 F.3d 764, 769 (8th Cir. 2019) (explaining the

---

[1]E.F.G.-O. was a derivative applicant on Gomez-Orozco's asylum application. See 8 U.S.C. § 1158(b)(3)(A); Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam). The BIA also denied E.F.G.-O.'s motion for administrative closure, but petitioners have waived review of that decision because they do not meaningfully challenge it in this court. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

applicable standards); <u>see also, e.g.</u>, <u>Kanagu v. Holder</u>, 781 F.3d 912, 919 (8th Cir. 2015); <u>Mateo-Mateo v. Garland</u>, 124 F.4th 470, 474 (7th Cir. 2024).

Because these issues were dispositive of Gomez-Orozco's claims, the agency did not err by failing to address her arguments on the other elements of her claims. <u>See</u> <u>INS v. Bagamasbad</u>, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Accordingly, we deny the petition for review. <u>See</u> 8th Cir. R. 47B.

_____