# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1844
_____

Jose Alberto Deleon-Velazquez

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 9, 2026
Filed: March 12, 2026
[Unpublished]

_____

Before LOKEN, GRUENDER, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jose Alberto Deleon-Velazquez (a/k/a Mario Eolicer Arreaga-Chun) petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from an immigration judge's decision denying his applications for asylum and withholding of removal. The immigration judge concluded, in part, that his proposed particular social group was not cognizable. The BIA deemed him to have

waived a challenge to the cognizability determination because he failed to meaningfully challenge it in his BIA filings. Deleon-Velazquez argues that the BIA erroneously invoked its waiver rule and had a duty to sua sponte review the immigration judge's conclusion de novo, and he suggests the error violated his due-process rights.

We agree with the government that, because the BIA properly invoked its waiver rule, Deleon-Velazquez, who was represented by counsel before the agency, failed to exhaust a challenge to the cognizability determination. See 8 U.S.C. § 1252(d)(1) (requiring administrative exhaustion); Santos-Zacaria v. Garland, 598 U.S. 411, 423 (2023) (discussing exhaustion requirement); Essel v. Garland, 89 F.4th 686, 691 (8th Cir. 2023) (enforcing court-imposed exhaustion requirement when petitioner's counsel failed to present specific argument to BIA). Although Deleon-Velazquez challenged the immigration judge's finding that he failed to show he was a member of his proposed particular social group, he did not challenge the separate, independently dispositive determination that the proposed group was not cognizable because it lacked social distinction and particularity. See Fuentes-Erazo v. Sessions, 848 F.3d 847, 852-53 (8th Cir. 2017) (indicating petitioner must establish both that the proposed particular social group is legally cognizable, and that he is a member of it); Fuentes v. Barr, 969 F.3d 865, 871 (8th Cir. 2020) (per curiam) (cognizability requirements); Uriostegui-Teran v. Garland, 72 F.4th 852, 856 (8th Cir. 2023) (concluding petitioner's failure to establish cognizable particular social group disposed of asylum and withholding-of-removal claims); 8 C.F.R. § 1003.3(b) (describing requirements for BIA filings). The BIA therefore did not err by deeming the cognizability determination waived, and it had no duty to sua sponte review the issue de novo. See Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 440-41 (8th Cir. 2008) (discussing BIA's authority to prescribe procedural waiver rule; concluding BIA properly applied its waiver rule and was not required to consider waived issue de novo because "the language of [8 C.F.R. § 1003.1(d)(3)(ii)] is permissive and discretionary, not mandatory"); Matter of Garcia, 28 I. & N. Dec. 693, 707 n.1 (BIA

2023) (invoking established waiver rule and deeming aspects of immigration judge's decision waived when they were not "meaningfully challenged" in BIA appeal). Finally, any due-process challenge fails because Deleon-Velazquez had no protected interest in the discretionary relief of asylum, and, regardless, he did not demonstrate a fundamental procedural error.  See id. at 441; Wanyama v. Holder, 698 F.3d 1032, 1037 & n.2 (8th Cir. 2012).

Accordingly, we deny the petition for review.  See 8th Cir. R. 47B.

_____