# United States Court of Appeals

### For the Eighth Circuit

_____

No. 25-2056

_____

Andres Leonardo Arpi-Pintado

*Petitioner*

v.

Pamela Bondi

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 11, 2026
Filed: March 16, 2026
[Unpublished]

_____

Before LOKEN, GRUENDER, and KOBES, Circuit Judges.

_____

PER CURIAM.

Andres Leonardo Arpi-Pintado petitions for review after an immigration judge (IJ) denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), and the BIA denied the government's motion to dismiss proceedings and dismissed Arpi-Pintado's appeal from the IJ's decision. Arpi-Pintado also argues for the first time on appeal that the IJ abused its discretion

by denying him a continuance, and that the agency violated his due process rights because it deprived him of the opportunity to seek voluntary departure.

We conclude that Arpi-Pintado forfeited his due process challenge and challenge to the denial of a continuance by failing to raise the arguments in his administrative appeal. See Santos-Zacaria v. Garland, 598 U.S. 411, 423 (2023); Essel v. Garland, 89 F.4th 686, 691 (8th Cir. 2023); see also Ming Ming Wijono v. Gonzales, 439 F.3d 868, 871-72 (8th Cir. 2006). Regarding the denial of relief from removal, Arpi-Pintado does not meaningfully challenge the denial of withholding of removal on appeal; accordingly, any challenge has been waived. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004). With respect to asylum, Arpi-Pintado failed to exhaust a challenge to the IJ's nexus determination, see Essel, 89 F.4th at 691; and in any event, the argument he presents on appeal requires consideration of facts that are not in the record, see 8 U.S.C. § 1252(b)(4)(A); accord Lukowski v. INS, 279 F.3d 644, 646 (8th Cir. 2002). The nexus determination is dispositive of the claim. See Tino v. Garland, 13 F.4th 708, 710 (8th Cir. 2021); Garcia-Moctezuma v. Sessions, 879 F.3d 863, 869 (8th Cir. 2018). Given that Arpi-Pintado's asylum and CAT claims were based on the same allegations, this court also concludes that the BIA did not abuse its discretion in denying him CAT protection. See Martin Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019). Finally, assuming without deciding that exhaustion of Arpi-Pintado's challenge to the denial of the government's motion to dismiss is not required, we conclude that the BIA gave a valid reason to deny the motion. See 8 C.F.R. §§ 1239.2(c), 239.2(a)(7); see also Matters of Jaso & Ayala, 27 I. & N. Dec. 557, 558 (BIA 2019).

Accordingly, we deny the petition for review.

_____

-2-