# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2440
_____

Duly Esther Sanchez-Rivera

*Petitioner*

v.

Todd Blanche, Acting Attorney General of the United States[1]

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: May 4, 2026
Filed: May 7, 2026
[Unpublished]
_____

Before GRUENDER, GRASZ, and STRAS, Circuit Judges.
_____

_____

[1]Todd Blanche is automatically substituted as respondent in place of Pamela Bondi pursuant to Federal Rule of Appellate Procedure 43(c)(2).

PER CURIAM.

Honduran citizen Duly Sanchez-Rivera petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed her appeal from an immigration judge's decision denying her asylum and withholding of removal.[2]

Having reviewed the record and the parties' arguments on appeal, we find no basis to grant the petition. *See Davila-Mejia v. Mukasey*, 531 F.3d 624, 627 (8th Cir. 2008) (standard of review). We conclude that Sanchez-Rivera failed to exhaust and waived her challenges to the agency's determinations that she did not demonstrate any harm she suffered was on account of a cognizable particular social group. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (exhaustion requirement in 8 U.S.C. § 1252(d)(1) is non-jurisdictional claim-processing rule subject to waiver or forfeiture); *Essel v. Garland*, 89 F.4th 686, 691 (8th Cir. 2023) (enforcing court-imposed exhaustion requirement when petitioner's counsel failed to present argument to BIA); *Chay-Velasquez*, 367 F.3d at 756. As the failure to establish a nexus to a cognizable social group is dispositive of her asylum claim, this court declines to consider Sanchez-Rivera's challenges involving past persecution and a well-founded fear of future persecution. *See Miranda v. Sessions*, 892 F.3d 940, 944 (8th Cir. 2018) (declining to review other requirements for relief from removal when noncitizen's particular social group was not cognizable because noncitizen necessarily could not show any past or future persecution would be on account of a protected ground); *Baltti v. Sessions*, 878 F.3d 240, 245 (8th Cir. 2017) (per curiam) (holding nexus determination independently

---

[2]Sanchez-Rivera does not challenge the agency's reasons for denying her protection under the Convention Against Torture and humanitarian asylum. Accordingly, any challenge has been waived. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised or meaningfully argued in opening brief is deemed waived).

disposed of asylum claim). Finally, because Sanchez-Rivera did not meet the standard for asylum, her claim for withholding of removal necessarily failed as well. *See Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019) (noncitizen who cannot establish eligibility for asylum cannot meet more rigorous standard of proof for withholding of removal).

Accordingly, the petition for review is denied.

_____